# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| MARVA DAVIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 2:12-CV-98-PRC |
| | ) | |
| EUGENE G. MACEY, JR. and | ) | |
| USA TRUCK, INC., | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Counts III & IV of Plaintiff's Complaint [DE 15], filed by Defendants Eugene G. Macey, Jr. and USA Truck, Inc. ("USA Truck") (collectively, "Defendants") on May 29, 2012. For the reasons set forth in this Opinion and Order, the Court grants the Motion.

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on February 14, 2012, in Lake Superior Court. The Complaint begins with a section titled "General Allegations," which alleges that an automobile collision between Plaintiff and Defendant Eugene G. Macey, Jr. occurred on February 15, 2010. The General Allegations further state that USA Truck was the owner/lessee of the vehicle operated by Macey at the time of the accident. The Complaint then contains four counts. Count I (Negligence of Macey) alleges negligent conduct of Macey in the operation of the truck. Count II (Negligence of USA Truck) alleges statutory negligence of USA Truck based on its violation of Ind. Code § 8-2.1-24-18, a statute which incorporates the Federal Motor Carrier Safety Regulations. Count III (Negligent Entrustment) begins by alleging that the "acts and omissions of Macey were committed within the scope of his employment with USA Truck and USA Truck is responsible for all acts performed by Macey that were within the scope of his employment." Compl. ¶ 18. The remaining portions of Count III involve various allegations relating to negligent entrustment of Macey by USA Truck.

Count IV (Negligent Hiring and Retention) involves various allegations related to negligent hiring and retention of Macey by USA Truck.

On March 8, 2012, the case was removed to this Court by Defendants, and an amended Notice of Removal was filed on March 21, 2012. On May 29, 2012, Defendants concurrently filed an Answer to the Complaint, the instant Motion to Dismiss Counts III & IV, and a Brief in Support of the Motion to Dismiss. Defendants' Motion to Dismiss Counts III & IV is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Response to the Motion to Dismiss Counts III & IV on June 12, 2012. Defendants have not filed a reply, and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must be decided solely on the face of the complaint and any attachments that accompanied its filing. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). In contrast, "[r]ule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties." *Buchanan-Moore v. Cnty of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). In this case, the instant Motion to Dismiss was brought pursuant to Rule 12(b)(6), was filed jointly with the Answer, and relies on admissions in the Answer to support the Motion. In her response brief, Plaintiff does not object to Defendants' inclusion of their Answer in the Motion to Dismiss. "[A] 12(b)(6) motion to dismiss made after an answer has been filed can be considered as a 12(c) motion for judgment on the pleadings and can be evaluated under the same standard of review as a 12(b)(6) motion." *Brown v. Bd. of Trs. of Univ. of Illinois*, No. 10 C 6104, 2012 WL 488106, at *1 (N.D. Ill. Feb. 14, 2012) (citing *Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 470 n.2 (7th Cir. 1997). Therefore, the Court converts

Defendants' 12(b)(6) motion to a 12(c) motion for judgment on the pleadings and considers the Answer in its analysis.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

## ANALYSIS

In the instant Motion, Defendants move to dismiss the counts of negligent entrustment (Count III) and negligent hiring and retention (Count IV) from Plaintiff's Complaint. Defendants argue that, since they have admitted in their Answer to the Complaint that Macey was acting within

3

the scope of his employment at the time of the incident, the claims of negligent entrustment and negligent hiring and retention are duplicative and prejudicial. In her response brief, Plaintiff argues that the Complaint alleges the claims of negligent entrustment and negligent hiring and retention as alternative theories of liability to her negligence claim based on respondeat superior and that the Complaint plausibly establishes the elements of negligent entrustment and/or negligent hiring and retention.

Although Defendants are correct that the Complaint alleges that Macey was acting within the scope of employment and that USA Truck is responsible for all acts performed by Macey that were within the scope of his employment, the Complaint does not include a separate, independent count alleging USA Truck's liability under a theory of respondeat superior. In their briefs, both parties argue as though the Complaint alleged a claim under respondeat superior. Looking to the Complaint, the General Allegations simply state that USA Truck was the owner/lessee of the truck driven by Macey. It does not allege that Macey was an employee of USA Truck at the time of the accident, or that Macey was acting within the scope of his employment. Counts I and II, negligence of Macey and statutory negligence of USA Truck respectively, also do not allege that Macey was an employee of USA Truck or that he was acting within the scope of employment.

However, in the first substantive paragraph of Count III, Plaintiff alleges that the acts of Macey were "committed within the scope of his employment with USA Truck and USA Truck is responsible for all acts performed by Macey that were within the scope of his employment." Compl. ¶ 18. While "scope of employment" language is generally consistent with a claim of respondeat superior, Count III does not go on to allege a claim of respondeat superior against USA Truck based on the employee/employer relationship. Instead, the remaining paragraphs of Count III all involve allegations of negligent entrustment as the basis of USA Truck's liability, and the title of Count III is "Negligent Entrustment." In their Answer, Defendants admit the first half of ¶ 18 of the Complaint: "Defendants admit that Eugene Macey was in the course and scope of his employment

4

at the time of the accident." Answer ¶ 18. However, Defendants deny the remainder of the paragraph to the extent it alleges the liability USA Truck for Macey's negligence. Because Plaintiff has alleged that Macey was acting within the scope of his employment and because Plaintiff's response to the instant Motion to Dismiss argues as though she did in fact plead an alternative theory of liability under respondeat superior, the Court grants Plaintiff leave to amend her Complaint to allege a claim of respondeat superior.[1]

Notwithstanding the absence of a freestanding count of respondeat superior liability in the Complaint as originally filed, Plaintiff's allegation in Count III that Macey was an employee of USA Truck acting in the scope of employment, coupled with Defendants' admission that Macey was in fact acting within the scope of his employment warrant dismissal of the duplicative claims for negligent entrustment and negligent hiring and retention. It would not be proper to allow those Counts to remain in addition to a claim of respondeat superior because once an employer stipulates that an employee was acting within the scope of employment, the additional theories of liability are unnecessary and duplicative. As a result, the Court finds that dismissal of Count III (negligent entrustment) and Count IV (negligent hiring and retention) is warranted as a matter of law for the following reasons. The Court begins with the latter claim.

Under the doctrine of respondeat superior, "an employer is liable for the acts of its employees which are committed within the course and scope of their employment." *City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind. Ct. App. 1999) (citing *Stropes v. Heritage House*

---

[1] The Court recognizes the paradoxical situation that by granting Defendants' motion to dismiss Counts III and IV, the underlying rationale warranting dismissal– that claims not be duplicative–will no longer be applicable because the scope of employment allegations are contained in Count III. However, the consequences of not granting the present Motion would simply result in the addition of several unnecessary steps to reach the same result. If Defendants' Motion were not granted because, technically, the Complaint does not allege the duplicative count of respondeat superior, Plaintiff would need to file an amended complaint to add an additional count of respondeat superior. Defendant would then re-file another Motion to Dismiss (presumably identical to the current Motion), that Motion would likely be granted based on the analysis in this Opinion, and Counts III and IV would still be dismissed. Rather than subject the parties to such unnecessary steps, the Court grants the instant Motion and also grants Plaintiff leave to amend the Complaint to include a freestanding count of respondeat superior.

5

*Childrens Ctr.*, 547 N.E.2d 244, 247 (Ind. 1989)). As an alternative theory of employer liability, Indiana also recognizes a cause of action against an employer based on negligent hiring and retention of an employee. *Tindall v. Enderle*, 320 N.E.2d 764, 767 (Ind. Ct. App. 1974); *Briggs v. Finley*, 631 N.E.2d 959, 966 (Ind. Ct. App. 1994). Employer liability under negligent hiring and retention is a separate and distinct cause of action from respondeat superior, and it "accrues when an employee steps beyond the recognized scope of employment to commit a tortious injury upon a third party." *Clark v. Aris, Inc.*, 890 N.E.2d 760, 765 (Ind. Ct. App. 2008) (internal quotation marks omitted) (quoting *Tindall*, 320 N.E.2d at 767).

While negligent hiring and retention can support a separate cause of action from respondeat superior, "that theory is of no value where an employer has stipulated that his employee was within the scope of his employment." *Tindall*, 370 N.E.2d at 768. When employer liability is already imputed by reason of the employer admitting that the employee was acting within the scope of employment, additional claims of negligent hiring and retention are "wholly unnecessary to [a plaintiff's] right to recover." *Lange v. B & P Motor Express, Inc.*, 257 F. Supp. 319, 324 (N.D. Ind. 1966). "The reasoning for this is because under the doctrine of respondeat superior, an employer is already responsible for the actions of its employees that were committed within the scope of their employment." *Bd. of Sch. Comm'rs v. Pettigrew*, 851 N.E.2d 326, 332 (Ind. Ct. App. 2006) (citing *Konkle v. Henson*, 672 N.E.2d 450, 456 (Ind. Ct. App. 1996)). Where the issue of respondeat superior has not been admitted, a "plaintiff could theoretically plead both theories of liability in the alternative." *Clark*, 890 N.E.2d at 765.

In certain circumstances, not applicable in this case, it may be appropriate to consider evidence of negligent hiring even though the employer has admitted that the employee was acting within the scope of employment. In *Simmons, Inc. v. Pinkerton's, Inc.*, the court rejected the idea that the *Lange-Tindall* rule stood for the proposition that no additional evidence under another theory of liability may ever be admitted after employer liability has already been established. 762

F.2d 591, 602 (7th Cir. 1985). Instead, the court determined that a "common-sense" assessment should be made in each case to determine the probative value and potential prejudicial impact of such additional evidence. *Id.* For example, were a plaintiff to allege an intentional tort or to pursue punitive damages, evidence of negligent hiring may have "independent significance" that would entitle the plaintiff to proceed on alternative theories despite the overlap in evidence. *Id.* (citing *Lange*, 257 F. Supp. at 322-23; *Tindall*, 320 N.E.2d at 767-68); *see also Levinson v. Citizens Nat'l of Evansville,* 644 N.E.2d 1264, 1269 (Ind. Ct. App. 1994) (quoting *Tindall*, 320 N.E.2d at 768) (recognizing that when an employer stipulates that an employee was acting within the scope of employment, the "sole possible advantage to the pursuit of a negligent hiring theory . . . would be the potential assessment of punitive damages").

Turning to the claim of negligent entrustment, an injured third party has a cause of action for negligent entrustment against a person who entrusts an instrument to one who is incompetent, irresponsible, or lacks the capacity to safely operate the instrumentality. *Johnson v. Patterson*, 570 N.E.2d 93, 96 (Ind. Ct. App. 1991) (concerning an allegation of negligent entrustment of a shotgun) (citing 57A Am. Jur. 2d Negligence § 329 (1989)). Issues of negligent entrustment often involve motor vehicle cases in which a defendant has entrusted the use of his or her vehicle to an incompetent driver. *See, e.g.*, *Roessler v. Milburn*, 692 N.E.2d 1377, 1379 (Ind. Ct. App. 1998); *Johnson v. Owens*, 639 N.E.2d 1016, 1022 (Ind. Ct. App. 1994); *Stocker v. Cataldi*, 489 N.E.2d 144, 145 (Ind. Ct. App. 1986). Negligent entrustment claims are generally not brought against a defendant employer, as "respondeat superior provides the proper vehicle for a direct action aimed at recovering the damages resulting from a specific act of negligence committed by an employee within the scope of his employment." *Tindall*, 320 N.E.2d at 768.[2] Although the *Lange-Tindall* rule

---

[2] The only case found in which a negligent entrustment claim was brought against an employer for the acts of his employee was in *Ellsworth v. Ludwig,* 223 N.E.2d 437 (Ind. App. 1967). In *Ellsworth,* the plaintiff did not bring a claim under respondeat superior, likely because the employee was off duty and drinking at a tavern prior to running over the plaintiff. *Id.* at 438.

7

has been applied to preclude additional theories of liability under negligent hiring and retention, the underlying rationale that claims not be duplicative and potentially prejudicial apply equally to the theory of liability under negligent entrustment. *See id.* at 767 (in the context of formulating a duplicative rational, the court noted that prior Indiana decisions have not drawn a distinction between negligent entrustment and negligent hiring). Once an employer stipulates that an employee was acting within the scope of employment, the employer is already responsible for the negligent acts of the employee and any additional theory of liability under negligent entrustment would be unnecessary. And, as with negligent hiring and retention, a plaintiff would potentially be allowed to plead alternative theories under respondeat superior and negligent entrustment under certain circumstances not applicable in this case. *See Clark*, 890 N.E.2d at 766 ("A plaintiff could theoretically plead theories of liability in the alternative. . . .").

Plaintiff cites *Clark* to argue that the motion to dismiss should be denied because her Complaint did include alternative theories of liability. However, *Clark* is distinguishable because the defendant employer in that case never admitted that his employee was acting within the scope of employment. *Id.* at 762. As a result, the court's speculation that alternative theories could be pled was based on the assumption that the employer's liability under respondeat superior was still at issue, which is not so in this case.

As a result of Defendants' admission that Macey was acting within the scope of his employment, there is no need for Plaintiff to allege the alternative theories of liability of negligent entrustment and negligent hiring and retention. The claims in Count III and Count IV allege these additional theories of employer liability and, thus, fall squarely within the *Lange-Tindall* rule. Plaintiff has also not alleged any intentional tort or requested punitive damages, two circumstances that the court in *Simmons* acknowledged as justifying an exception to the *Lange-Tindall* rule.[3] The

---

[3] *See also Tindall,* 320 N.E.2d at 767 (noting that the "separate" cause of action for negligent hiring arises "*only* when an agent, servant or employee steps beyond the recognized scope of his employment to commit a tortious injury upon a third party) (emphasis added). Although *Tindall* involved a claim of negligent hiring, as stated above, the court

fact that Plaintiff has not shown any other reason why Counts III and IV have independent significance beyond proving USA Truck's liability as Macey's employer only affirms that the claims are duplicative and unnecessary. Accordingly, the claim in Count III for negligent entrustment and the claim in Count IV for negligent hiring and retention are both dismissed.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss Counts III & IV of Plaintiff's Complaint [DE 15] and **DISMISSES** Counts III and IV of Plaintiff's Complaint. The Court **ORDERS** that Plaintiff shall have up to and including **October 19, 2012**, to file an amended complaint to remove the claims in Counts III and IV for negligent entrustment and negligent hiring and retention and to include a claim against USA Truck for respondeat superior liability.

SO ORDERED this 1st day of October, 2012.

                                          s/ Paul R. Cherry
                                          MAGISTRATE JUDGE PAUL R. CHERRY
                                          UNITED STATES DISTRICT COURT

cc:     All counsel of record

---

did not draw a distinction between negligent entrustment and negligent hiring in comparison with a claim of respondeat superior.