# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARVA DAVIS, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.: 2:12-CV-98-PRC |
| ) | |
| EUGENE G. MACEY, JR. and ) | |
| USA TRUCK, INC., ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively to Strike Portions of Plaintiff's Amended Complaint [DE 23], filed by Defendants on October 30, 2012. For the reasons set forth below, the Court grants the Motion.

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on February 14, 2012, in Lake Superior Court. The Complaint began with a section titled "General Allegations," which alleged that an automobile collision between Plaintiff and Defendant Eugene G. Macey, Jr. occurred on February 15, 2010. The General Allegations further stated that USA Truck was the owner/lessee of the vehicle operated by Macey at the time of the accident. The Complaint contained four counts. Count I (Negligence of Macey) alleged negligent conduct of Macey in the operation of the truck. Count II (Negligence of USA Truck) alleged statutory negligence of USA Truck based on its violation of Ind. Code § 8-2.1-24-18, a statute which incorporates the Federal Motor Carrier Safety Regulations. Count III (Negligent Entrustment) began by alleging that the "acts and omissions of Macey were committed within the scope of his employment with USA Truck and USA Truck is responsible for all acts performed by

Macey that were within the scope of his employment." Compl. ¶ 18. The remaining portions of Count III involved various allegations relating to negligent entrustment of Macey by USA Truck. Count IV (Negligent Hiring and Retention) involved various allegations related to negligent hiring and retention of Macey by USA Truck.

On March 8, 2012, the case was removed to this Court by Defendants, and an amended Notice of Removal was filed on March 21, 2012. On May 29, 2012, Defendants concurrently filed an Answer to the Complaint, the instant Motion to Dismiss Counts III & IV, and a Brief in Support of the Motion to Dismiss.

On October 1, 2012, the Court granted the Motion, dismissing Counts III and IV of Plaintiff's Complaint but allowing Plaintiff to file an Amended Complaint removing the dismissed claims from the Complaint and including an additional claim against USA Truck for respondeat superior liability.

On October 19, 2012, Plaintiff filed an Amended Complaint with four counts. Counts I and II are the same negligence counts described above. Count III is the claim for respondeat superior liability against USA Truck as described in the Court's Order. Count IV is a claim for Negligent Hiring and Retention that also includes some allegations from Count III of the original Complaint.

On October 30, 2012, Defendants filed the instant Motion to Dismiss or Strike, and filed an amended brief in support on November 13, 2012. On November 20, 2012, Plaintiff filed a response to the Motion, and Defendants filed a reply on November 26, 2012.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

# ANALYSIS

Defendants argue that Plaintiff's Amended Complaint violates the Court's Opinion and Order because Plaintiff: failed to dismiss Count IV, alleging negligent hiring and retention; failed to dismiss her allegations for negligent entrustment; and added new allegations without leave of Court. In its Opinion and Order of October 1, 2012, the Court explicitly granted the Motion to Dismiss the counts of negligent entrustment (Count III) and negligent hiring and retention (Count IV). The Court also concluded that, in the interests of justice and expediency, it was appropriate to grant Plaintiff leave to amend the Complaint to include a freestanding count of respondeat superior since both parties included arguments about the theory in their briefing on the Motion to Dismiss. The Court did not allow for general amendment of the Complaint. Plaintiff's Amended Complaint contains the required count alleging respondeat superior liability, but also retains allegations dismissed by the Court and introduces new allegations.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). In this case, the time for Plaintiff to amend her pleading as a matter of course has expired and Defendants have not given consent to an amendment containing claims or allegations other than those allowed by the Court in its Order of October 1, 2012. Accordingly,

Plaintiff must seek leave of Court to amend her Complaint to add any new claims or allegations other than the claim for respondeat superior for which the Court granted leave to add. Plaintiff did not seek such leave.

If the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

Defendants argue that, not only did Plaintiff not seek leave to add a claim for punitive damages, but the claim is barred by the applicable statute of limitations and does not meet the requirement of Federal Rule 8(a) that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff does not address these arguments in its response, instead arguing that her Amended Complaint includes new claims that address the deficiencies in the original Complaint as identified by the Court.

In its Order of October 1, 2012, the Court laid out the law governing alternate theories of employer liability in Indiana and identified exceptions to the *Lange-Tindall* rule limiting these alternate theories. It noted that Plaintiff had not alleged any intentional tort or requested punitive damages, two of the exceptions to the *Lange-Tindall* rule, but did not suggest that such claims would be appropriate in this case or grant Plaintiff leave to amend her Complaint to include those claims.

Defendants argue that, in addition to impermissibly adding new claims, Plaintiff's Amended Complaint also fails to comply with the Court's Order dismissing Counts III and IV of Plaintiff's

4

Complaint. In particular, they argue that Plaintiff has retained Count IV, for negligent hiring and retention, and expanded it to include allegations of negligent entrustment from her original Complaint. Plaintiff argues that she has removed the claim for negligent entrustment and is now pleading negligent hiring and retention as an alternate theory of recovery to respondeat superior. She argues that the alternate theory is appropriate because Defendants have not responded to the Amended Complaint to admit the allegations underlying the claim. Defendants argue that USA Truck has stipulated that Macey was acting within the scope of his employment, so no alternate theory of recovery is needed. As described in the Court's October 1, 2012, Order, once an employer stipulates that an employee was acting within the scope of employment, the additional theories of liability are unnecessary and duplicative. For that reason, the Court dismissed Plaintiff's claims for negligent entrustment and for negligent hiring and retention.

Plaintiff has not provided any argument that would allow the Court to determine whether the amendments to the Complaint would be futile or cause prejudice to Defendants. The appropriate vehicle for adding additional counts to the Complaint, or retaining counts that the Court has dismissed, is a Motion to Amend. The Amended Complaint currently on the docket does not comply with the Court's October 1, 2012, Order or the requirements of Federal Rule of Civil Procedure 15 governing amendments to pleadings.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively to Strike Portions of Plaintiff's Amended Complaint [DE 23] and **DISMISSES** Plaintiff's Amended Complaint. The Court **ORDERS** that Plaintiff shall have up to and including **March 11, 2013**, to file an amended complaint that removes the claims for negligent entrustment and negligent hiring and retention and includes a claim against USA Truck for respondeat superior liability, or, if additional amendments are desired, to file a

5

Motion for Leave to Amend Complaint that complies with the requirements of Federal Rule of Civil Procedure 15 and the applicable case law, fully addressing why additional amendment is necessary and appropriate in this case.

SO ORDERED this 28th day of February, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record